UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEYONTA L. DAVIS,

        Plaintiff,

     v.                                          Case No. 22-cv-1452-bhl

OFFICER RUPPEL, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Keyonta L. Davis, who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that Defendants violated his civil rights. This matter comes before the Court on Davis' motion for leave to proceed without prepayment of the full filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Davis has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Davis has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.98. The Court will therefore grant the motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 2:22-cv-01452-BHL   Filed 02/17/23   Page 2 of 7   Document 9

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Davis is currently an inmate at the Redgranite Correctional Institution. Dkt. No. 1. Defendants are Officer Ruppel, Officer Bechler, and the Glendale Police Department. *Id*.

On August 29, 2021, Davis and his friends were driving by Bay Shore Mall when they ran a red light. *Id.* at 2. Officers Ruppel and Bechler pulled them over and asked for their names. *Id*. Davis gave them a false name. *Id*. The officers ran the false name in the police database, discovered that the booking photo did not match Davis, and asked him for his real name. *Id*. at 2-3. Davis responded that the photo *was* him; explained that he had no record; and said he had never been arrested before. *Id*. at 3.

At that point, the officers asked Davis to get out of the car, which he did. *Id*. The officers again asked for Davis' real name and he again gave a false name. *Id*. The officers then suddenly grabbed his left arm, twisted it in a painful way, and grabbed his dreadlocks in a painful way. *Id*. One of the officers started punching Davis in the face, neck, and head with a clenched fist while the other officer held his arms. *Id*. Davis lost consciousness while the officers continued hitting him. *Id*. When Davis regained consciousness, he was on the ground with the officers saying "stop resisting." *Id*. Davis replied that he was not resisting and pleaded for them to stop hitting him. *Id*.

Following the incident, Davis' scalp was burning and bleeding, his hair was missing, his arm was in severe pain, and his head was bleeding. *Id*. at 3-4. The officers then took him to the hospital then transported him to the Glendale Police Department. *Id*. at 4. Since the incident,

3

Davis has been unable to sleep, suffers daily headaches, and has started losing his memory and ability to concentrate. *Id*. For relief, he seeks monetary damages. *Id*. at 5.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Davis asks to proceed under the Fifth, Eighth, and Fourteenth Amendments, *see* Dkt. No. 1 at 4, but a claim that a police officer used excessive force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010)). To state a claim, Davis must allege that an officer's actions were objectively unreasonable in light of the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [] actively resist[ed] arrest or attempt[ed] to evade arrest by flight.'" *Cyrus*, 624 F.3d at 861–62 (quoting *Graham v. Connor*, 490 U.S. 386, 396, (1989)).

Davis alleges that Ruppel and Bechler punched him in the face, neck, and head with a clenched fist during his arrest for no legitimate reason. He states that, although he lied about his name, he complied with the officers' instructions to get out of the car; he was not actively resisting arrest; he was not attempting to flee the scene; nor was he otherwise a threat to the safety of the officers or others. Davis states that the officers used enough force that his scalp was burning and bleeding, his hair was missing, his arm was in severe pain, and his head was bleeding. Based on

4

these allegations, the Court can reasonably infer that Ruppel and Bechler may have used objectively unreasonable force during Davis' arrest. Accordingly, Davis may proceed on a Fourth Amendment excessive force claim against Ruppel and Bechler in connection with his August 29, 2021 arrest.

The Court will dismiss the Glendale Police Department from the case because a police department is not a proper defendant in a §1983 lawsuit. *See Whiting v. Marathon C'nty Sheriff's Department*, 382 F.3d 700, 704 (7th Cir. 2004).

## CONCLUSION

The Court finds that Plaintiff may proceed on a Fourth Amendment excessive force claim against Ruppel and Bechler in connection with his August 29, 2021 arrest.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Glendale Police Department is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Officer Ruppel and Officer Bechler pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Officer Ruppel and Officer Bechler shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the city attorney for the City of Glendale.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$347.02** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on February 17, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge